Order Filed on November 7, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| In Re: | Case No.: | 22-13304 |
|---|---|---|
| | Chapter: | 7 |
| **CAROLINA C. ZAMORA,** | Judge: | John K. Sherwood |
| Debtor. | | |

**DECISION RE: CROSS-MOTION FOR ATTORNEYS' FEES
AND COSTS BY DEBTOR'S COUNSEL**

The relief set forth on the following pages, numbered two (2) through eight (8), is hereby **ORDERED.**

DATED: November 7, 2025

Honorable John K. Sherwood
United States Bankruptcy Court

Page 2
Debtor:     Carolina C. Zamora
Case No.:   22-13304
Caption:    **DECISION RE: CROSS-MOTION FOR ATTORNEYS' FEES AND COSTS BY DEBTOR'S COUNSEL**

## INTRODUCTION

Before this Chapter 7 case was filed, Carolina Zamora ("the Debtor") was the putative lead plaintiff in several class actions under the Fair Debt Collection Practices Act ("FDCPA") against various debt collectors. The Chapter 7 trustee settled some of the Debtor's claims for $32,000. The trustee's counsel filed a fee application for approximately $26,000 and proposes to pay the balance to the Debtor. The Debtor's counsel, Kim Law Firm, LLC ("KLF"), has no issue with the fees of the trustee's counsel or the payment of the surplus to the Debtor. But it asks the Court to approve its fees and costs and hold that they are payable from the debt collectors on top of the $32,000 settlement with the trustee. The Court must interpret the terms of the settlement that it approved and decide whether KLF's attorney fee claim belonged to the Debtor's estate and could be settled by the Chapter 7 trustee.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

## FACTS AND PROCEDURAL HISTORY

KLF was co-counsel to the Debtor in this Chapter 7 case which was filed on April 23, 2022. In her bankruptcy petition, the Debtor listed various filed and unfiled FDCPA class action claims, including claims against Nationwide Credit, Inc., Midland Credit Management, Inc., Synergetic Communication, Inc., Remex, Inc., New Jersey Manufacturers Insurance Company, and NCB Management Services, Inc. (the "Settlement Parties"). [ECF No. 1, pp. 25-29]. Eric Perkins was appointed as Chapter 7 trustee and was charged with investigation and liquidation of the Debtor's

Page 3
Debtor:     Carolina C. Zamora
Case No.:   22-13304
Caption:    **DECISION RE: CROSS-MOTION FOR ATTORNEYS' FEES AND COSTS BY DEBTOR'S COUNSEL**

assets, including litigation claims. Mr. Perkins retained the law firm Becker LLC to assist him. [ECF Nos. 9 and 11]. He did not seek to retain KLF which was representing the Debtor in the pre-petition FDCPA litigation, something that Chapter 7 trustees often do to keep a debtor's litigation claims on track.

Instead, the trustee used his own law firm to negotiate directly with certain defendants in the pre-petition FDCPA litigation. On June 19, 2023, the trustee moved for Court approval of a proposed settlement with the Settlement Parties for a payment in the amount of $32,000. Among other things, the Chapter 7 trustee argued that the settlement was in the best interests of the Debtor's estate because under the FDCPA, the maximum recovery the Debtor could receive was $1,000 per debt collector, excluding attorneys' fees and costs. [ECF No. 20-1]. KLF objected to the trustee's proposed compromise and the trustee withdrew the motion on September 6, 2023. [ECF Nos. 24 and 26].

Approximately 2 months later, the trustee filed another motion to approve a settlement with the same Settlement Parties for the same amount ($32,000). The trustee explained that he withdrew the initial settlement based on KLF's argument that the releases in the initial settlement agreement were too broad. Again, the trustee argued that the amounts that the Debtor could recover from each of the Settlement Parties was $1,000 or less, excluding attorneys' fees and costs. [ECF No. 27-1]. KLF filed another objection. Though the objection is lengthy and contains some irrelevant information, a common theme was concern, not so much for the Debtor, but for the other members of the putative class whose claims were potentially far more than the $32,000 settlement amount. And KLF was concerned that the settlement might release its claims for attorneys' fees in the pending FDCPA cases. [ECF No. 31-1]. The Court conducted a hearing on the settlement on

Page 4
Debtor:    Carolina C. Zamora
Case No.:  22-13304
Caption:   **DECISION RE: CROSS-MOTION FOR ATTORNEYS' FEES AND COSTS BY DEBTOR'S COUNSEL**

December 12, 2023, and was sympathetic to KLF and the other potential class members. The trustee had the power to settle claims that the Debtor held against the Settlement Parties, but it was not fair to settle the claims of the other potential class members or KLF's claims for attorneys' fees in the pending class action cases. Thus, new language was added to the Order approving the settlement, which the Court entered. The revised Order provided in part:

> The Trustee is authorized to enter into, execute and deliver such other documents or instruments, if any, necessary or appropriate in order to effectuate the Settlement. Such documents include but are not limited to a Stipulation of Dismissal *with prejudice as to the Debtor's individual claims only and without prejudice as to the claims of the putative class members and the claims of any other party.*

[ECF No. 33, ¶ 3 (emphasis added)].

Thus, the Court was under the impression that everyone was happy. The trustee could consummate the settlement with the Settlement Parties, his fees would be paid, the Debtor would get some of the settlement proceeds under her "wildcard exemption," KLF would be able to continue to pursue the class action lawsuits on behalf of class members other than the Debtor, and the interests of those class members would be fully preserved.

After the settlement was approved in December of 2023, there was a quiet period in the bankruptcy case until May of 2025 when the trustee's counsel filed its final application for compensation. [ECF No. 36]. KLF responded with a cross-motion for its attorneys' fees and costs. The cross-motion seeks not only approval of the fees and costs, but also a ruling that they are payable by the "debt collector defendant[s]" which include all the Settlement Parties except Remex, Inc. [ECF No. 41]. KLF contends that "[the Debtor's] representative claims on behalf of the putative class and the mandatory award of attorney's fees measured by the lodestar are not property of the estate." [ECF No. 41]. Essentially, KLF argues that the trustee released the

Case 22-13304-JKS    Doc 59    Filed 11/07/25    Entered 11/07/25 11:06:33    Desc Main
Document    Page 5 of 8

Page 5
Debtor:      Carolina C. Zamora
Case No.:    22-13304
Caption:     **DECISION RE: CROSS-MOTION FOR ATTORNEYS' FEES AND COSTS
             BY DEBTOR'S COUNSEL**

Settlement Parties from claims of the Debtor, but did not release them from KLF's claims for attorneys' fees because those claims belonged to KLF by virtue of an assignment and under the FDCPA. The trustee and the Settlement Parties disagreed, arguing that the Debtor's claims for attorneys' fees were property of the estate and were released under the settlement. [ECF Nos. 45, 49, 51].

The Court learned from the pleadings and oral argument on September 18, 2025 that the class actions against the Settlement Parties had not resulted in a certified class – something that KLF was hoping for when the settlement was approved in December of 2023. The failure to certify a class in the pre-petition class action cases against the Settlement Parties meant that KLF's only client was the Debtor, and any fees that it could recover would have to be on behalf of the Debtor. As set forth above, the Court also expected that once classes were certified in the pre-petition litigation against the Settlement Parties, KLF would represent the other class members and be able to recover attorneys' fees on behalf of those class members to the extent it was successful in the litigation. Since this expectation did not come to pass, KLF must pursue its present strategy – the argument that the attorneys' fee claim belongs to it, not the Debtor.

KLF tested the argument in a matter pending in the United States District Court for the District of New Jersey, *Zamora v. Nationwide Credit, Inc., et al.*, Civil Action No. 20-15755. KLF sought attorneys' fees and costs in connection with the case. The request was opposed by the trustee in this bankruptcy case and defendant Nationwide Credit, Inc. (one of the Settlement Parties). The District Court entered a letter order on February 11, 2025, denying KLF's motion without prejudice. The District Court reasoned that because this Court approved the settlement agreement, it had jurisdiction to interpret its terms. On the substance of the argument, the District

Page 6
Debtor:     Carolina C. Zamora
Case No.:   22-13304
Caption:    **DECISION RE: CROSS-MOTION FOR ATTORNEYS' FEES AND COSTS BY DEBTOR'S COUNSEL**

Court noted that KLF did not have an independent claim against Nationwide. Even if the Debtor had assigned her fees to KLF, the right to recover those fees under the FDCPA belonged to the Debtor, not the firm. [See ECF No. 47 (citations omitted)].

Though this Court was sympathetic to KLF's equitable claim to a share of the settlement proceeds, KLF made it clear at oral argument that it had no interest in any of the settlement proceeds. At this point, KLF's only objective is to collect its attorneys' fees and costs from the Settlement Parties.

## ANALYSIS

KLF is the victim of harsh circumstances. It was KLF that developed and filed the pre-petition litigation claims against the Settlement Parties. Once the Debtor filed her Chapter 7 case, KLF was excluded from the process leading to the settlement. Instead, the trustee negotiated directly with the Settlement Parties and raised $32,000 for the estate. The trustee has candidly stated that his objective was to maximize the Debtor's claims on behalf of the estate, not to protect KLF's attorney fee claim. Since the Debtor's claims against the Settlement Parties were capped at $1,000, the recovery to the estate on behalf of the Debtor alone in the pre-petition litigation would not have been more than $6,000. The trustee settled for $32,000. Again, at the time the settlement was approved, there was the hope and expectation that a class or classes would be certified and KLF's fees could be recovered in that manner.

KLF argues that its claim for attorneys' fees is separate from the Debtor's individual claims for damages under the FDCPA. It correctly points out that the FDCPA is enforced by debtors acting as "private attorneys general" and that an award of attorneys' fees to a plaintiff's attorney

is mandatory in a successful FDCPA case. *See Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004). Also, class actions are a useful vehicle for FDCPA claims because the individual awards are too low to justify prosecution. *Id.* Here, the Order approving settlement was modified to provide that the release of Settlement Parties was limited to "the Debtor's individual claims only and without prejudice as to the claims of the putative class members *and the claims of any other party*." [ECF No. 33, ¶ 3 (emphasis added)]. KLF suggests that it was one of the "other parties" whose claims were preserved. [ECF No. 41].

The District Court has already determined that the right to recover attorneys' fees under the FDCPA belongs to the Debtor, not KLF. [ECF No. 47 (citing *McLendon v. Cont'l Grp., Inc.* 872 F.Supp. 142, 156 (D.N.J. 1994); *Harden v. Autovest, LLC,* No. 1:15-CV-34, 2016 WL 6997905, at 4 (W.D. Mich. Nov. 30, 2016))]. This Court notes that the conclusion is supported by the language of 15 U.S.C. § 1692k(a) which says that a debt collector who violates the FDCPA with respect to a person "is liable *to such person* in an amount equal to the sum of . . . a reasonable attorney's fee." 15 U.S.C. § 1692k(a) (emphasis added). Ultimately, this is a legal decision for the District Court, and it has been made.

Finally, this Court's interpretation of the settlement agreement which it approved as to KLF's right to collect attorneys' fees from the Settlement Parties is summed up in two points. First, to the extent that KLF had independent legal claims for attorneys' fees against the Settlement Parties which were separate from the Debtor's claims, those claims would survive. The issue has been addressed by the District Court's decision dated February 11, 2025 "without prejudice" in the *Nationwide Credit, Inc.* case. Second, as set forth above, at the time of the settlement, it was anticipated that to the extent classes were certified in cases before the District Court, KLF would

Page 8
Debtor:     Carolina C. Zamora
Case No.:   22-13304
Caption:    **DECISION RE: CROSS-MOTION FOR ATTORNEYS' FEES AND COSTS BY DEBTOR'S COUNSEL**

---

be able to pursue its attorney fee claim against the Settlement Parties through other putative class members, but not the Debtor.

## CONCLUSION

For the foregoing reasons, KLF's cross-motion for attorneys' fees and costs against the Settlement Parties is denied without prejudice. KLF may continue to pursue its arguments concerning its independent right to recover attorneys' fees and costs before the District Court.